IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy Dean Jones, #240330, | ) | C/A No.: 1:09-951-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Michael McCall, Warden, Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jimmy Dean Jones filed this pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on

Respondent's motion for summary judgment and return. [Entry ##34, 35]. Pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the

summary judgment and dismissal procedures and the possible consequences if he failed to

respond adequately to Respondent's motion. [Entry #36]. Petitioner filed a motion for

continuance and for preliminary injunction [Entry #39], and subsequently filed a response

in opposition to Respondent's motion. [Entry #40]. Petitioner also filed several

supplements to his response. [Entry ##42, 43, 48, 49]. Having carefully considered the

parties' submissions and the record in this case, the court finds that Respondent's Motion

for Summary Judgment should be granted and Petitioner's motion for continuance and for

preliminary injunction should be denied as moot.

I.      Procedural Background

In June 2001, Petitioner was indicted in Spartanburg County for one count of Escape (2001-GS-42-1234), and in August 2001 for one count of Kidnapping (2001-GS-42-2030) and one count of Criminal Domestic Violence of a High and Aggravated Nature (CDVHAN) (2001-GS-42-2031). Petitioner was represented by Michael Bartosh, Esquire, Deputy Public Defender for Spartanburg County. On September 24, 2001, Petitioner pleaded guilty to the Escape charge. App. 27–33. On September 24-26, 2001, Petitioner proceeded to trial on the Kidnapping and CDVHAN charges, (App. 33–478), and was found guilty on both charges. (App. 470). The Honorable Donald W. Beatty, then-Circuit Court Judge, sentenced Petitioner to fifteen years for the Escape conviction, twenty years for the Kidnapping conviction, and ten years for the CDVHAN conviction, all to be served concurrently. App. 477.

Petitioner timely filed a Notice of Appeal and was represented by Eleanor Duffy Cleary, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense. Counsel filed an *Anders*[1] Brief. Petitioner also filed a pro se brief, along with three supplemental briefs.

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

In an Unpublished Opinion filed May 7, 2003, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's petition to be relieved. On June 2, 2003, Petitioner filed a pro se Petition for Rehearing, which the Court of Appeals denied on August 22, 2003. The Remittitur issued on October 8, 2003.

Petitioner filed an application for Post-Conviction Relief ("PCR") on September 23, 2003 (2003-CP-42-3548), alleging ineffective assistance of counsel and denial of due process (First PCR Appeal). App. 487–502. On December 8, 2005, an evidentiary hearing was held before the Honorable Wyatt T. Saunders, Circuit Court Judge. App. 514–679. Petitioner testified and was represented by Tommy A. Thomas, Esquire. *Id.* The PCR court denied Petitioner's application by Order filed December 8, 2006. App. 680–95.

Petitioner timely filed a Notice of Appeal on December 12, 2006, and was represented by Joseph L. Savitz, III, Esquire, Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Counsel filed a Petition for Writ of Certiorari. Petitioner's PCR Appeal was transferred from the South Carolina Supreme Court to the South Carolina Court of Appeals, which denied the petition on November 6, 2008. The Remittitur issued on November 24, 2008.

On January 13, 2009, counsel for Petitioner filed a Motion for Reinstatement to Permit Belated Filing of Petition for Rehearing, which the Supreme Court rejected by letter dated January 30, 2009, because it no longer had jurisdiction to rule on the matter.

On July 31, 2008, Petitioner filed a state habeas action in the Court of Common Pleas in Spartanburg County (2008-CP-42-3980). Respondent represented in its return in this case that no action has been taken by the court in the state habeas action.

Petitioner filed a second application for PCR on March 6, 2009 (2009-CP-42-1308) (Second PCR). On May 19, 2009, the PCR court filed a Conditional Order of Dismissal because it was successive to his First PCR application. On June 18, 2009, Petitioner filed a Notice of Appeal. In an Order filed July 14, 2009, the South Carolina Supreme Court dismissed the Notice of Appeal without prejudice because the order was not an appealable order. The remittitur was to be sent as provided by Rule 221, SCACR. As of the filing of Respondent's return, the matter was still pending in the PCR court. This habeas petition followed.

## II. Discussion

### A. Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

> Ground One: Jones's 6th & 14th Amendment Rights to competent counsel were violated, rendering Jones's custody unlawful, in violation of the U.S. Constitution.
>
> Supporting Facts: Defense counsel failed to provide effective assistance of counsel when he neglected to impeach the complaining witness, Martha Henderson, pursuant to Rule 608, SCRE, by impeaching on cross-examination that she had pending charges of second-degree burglary and grand larceny. South Carolina Rules of Evidence, Rule 608, is premised and embedded in Rule 608, Federal Rules of Evidence.

Ground Two: Jones's 6th & 14th Amendment Rights to competent counsel were abridged, rendering Jones's custody unlawful, in violation of the U.S. Constitution.

Supporting Facts: Defense counsel failed to provide the effective assistance of counsel when he neglected to call as a witness an attorney who saw Jones and Henderson together and would have testified that it did not appear Henderson was being held against her will.

Ground Three: Jones's 6th & 14th Amendment Rights to a fair & impartial trial were violated, rendering his custody unlawful, in violation of the U.S. Constitution.

Supporting Facts: At trial, audio tapes of Jones' conversations with the victim were introduced into evidence. Jones' attorney objected on the grounds that the probative value of the tapes was greatly outweighed by the prejudice to Jones' defense. Over defense objections, the jury was allowed to hear the audio tapes, which contained profanity and threats toward the victim.

Ground Four: Jones' 6th and 14th Amendment Rights to a fair and impartial trial were
violated, rendering his custody unlawful, in violation of the U.S. Constitution.

Supporting Facts: Petitioner's verbal statements to the police were admitted at trial, though the Petitioner refused to sign the statement proffered to him by the police. The Petitioner's statements, as taken by the police, were incomplete, factually inaccurate, and were taken out of context. The police testified that Jones made statements which he never made.

Ground Five: Jones' 4th, 6th and 14th Amendment Rights to a fair and impartial trial were violated, rendering his custody unlawful, in violation of the United States Constitution

Supporting Facts: Petitioner's 4th amendment rights were violated when officers from the State of South Carolina unlawfully extended their jurisdiction into the neighboring state of North Carolina and performed a warrantless search and seizure of petitioner's motel room when unattended by officials from the neighboring state of North Carolina and where the circumstances lacked exigency. (*See* PCR transcript pgs 573–78.)

B.    Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement

of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### C. Habeas Corpus Standard of Review

#### 1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254 ("Section 2254").  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A)     the applicant has exhausted the remedies available in the courts of the State; or

    (B)     (I) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so

will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[3]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 73, 84 (1977)). When a

petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing

of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D.    Analysis

1.    Procedural Bar

As an initial matter, Respondent contends that Petitioner's claims in Grounds Three, Four and Five are procedurally-barred to the extent that they were not raised in state court. This undersigned agrees.

In Ground Three, Petitioner asserts a constitutional violation based on the admission into evidence of audio tapes of phone calls Petitioner made to his mother and the victim from prison. While Petitioner objected to the admission of the audiotapes at trial, he did not assert a constitutional basis for his objection.

In Ground Four, Petitioner asserts a constitutional violation based on the use of verbal statements he made to corrections officers after he returned from his escape. After waiving his right to a *Jackson v. Denno*[4] hearing, Petitioner likewise did not object to the admissibility of the statements at trial.

---

[4] In *Jackson v. Denno*, 378 U.S. 368, 376–378 (1964), the Supreme Court held that a criminal defendant has a constitutional due process right to litigate, at some stage of his criminal trial, whether his pretrial statement to law enforcement, sought to be introduced against him by the prosecution, had been voluntarily rendered and to have a fair hearing and reliable determination on that issue uninfluenced by the truth or falsity of the statement itself.

In Ground Five, Petitioner asserts that the South Carolina law enforcement officials violated his Fourth Amendment rights by allegedly unlawfully extending their jurisdiction into North Carolina and performing a warrantless search of the hotel room where he and his family were staying during his escape. At trial, Petitioner did not object to the introduction of evidence from the North Carolina motel room on Fourth Amendment grounds, therefore the issue was not preserved for appellate review. Petitioner did not raise this issue in his direct appeal either.

Having failed to allege a violation of his federal constitutional rights in state court, Petitioner is procedurally barred from raising Grounds Three, Four, and Five on habeas review. *Anderson v. Harless*, 459 U.S. 4 (1982) (holding federal constitutional claim must be explicitly raised in state proceedings); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review); *Coleman v. Thompson*, 501 U.S. 722 (1991) (holding failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Mathews v. Evatt*, 105 F.3d 907 (4th Cir. 1997) (finding issue procedurally defaulted in state court is procedurally barred on habeas review). Therefore, summary judgment is appropriate on Grounds Three, Four, and Five.

As to the procedural default, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues and he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.*

The court's review of the record does not support a showing of actual innocence. Petitioner believed the victim was seeing another inmate and was mad; he was recorded on tape threatening to escape and harm the victim; he escaped that night, went to his

mother's house and got a car and money before going to the victim's house and threatening her with a butcher knife if she did not go with him. App. 692. Both the victim and her mother testified that Petitioner came to her home with a butcher knife, and that Petitioner hit the victim. Petitioner admitted he took a butcher knife to the victim's home.

In light of the foregoing evidence, the undersigned finds that Petitioner cannot show actual innocence. Petitioner has failed to meet his burden of showing sufficient cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *Id.*; see 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir.1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that, to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright v. Sykes,* 433 U.S. 72*; Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (explaining a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent.") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995)).

It appears that Petitioner has preserved Ground One and Ground Two for habeas review, and they are addressed on their merits below.

2. Merits Review

a. Ground One

In Ground One, Petitioner alleges ineffective assistance of counsel for failing to impeach witness Martha Henderson with her pending charges of second-degree burglary and grand larceny.

Petitioner raised this issue in his PCR application, as to which he had the burden of proving his allegations. *Butler v. State*, 334 S.E.2d 813, 814 (S.C. 1985). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. The PCR court had the opportunity to observe and evaluate the witnesses during their testimony and found Petitioner's testimony not credible and trial counsel's testimony credible. With respect to the instant claim, the PCR court specifically noted that trial counsel's representation was well within the standard of professional reasonableness required of a criminal defense attorney in these regards, (App. 692), and that trial counsel's cross-examination of the victim was more than adequate (App. 692). The PCR court found that because such questioning would have been improper, trial counsel's decision not to ask the victim about her pending charges was reasonable as well, citing *Caprood v. State*, 525 S.E.2d 514 (S.C. 2000). App. 692. In addition, the PCR court concluded that Petitioner failed to show a reasonable probability that the outcome of the trial would have been different but for counsel's allegedly deficient representation. App. 692.

Substantial deference is to be given to the state court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (*en banc*).  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000); *Frye v. Lee*, 235 F.3d 897, 900 (4th Cir. 2000).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), when the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984); *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (*citing Clozza v. Murray*, 913 F.2d 1092, 1100 (4th Cir. 1990)). Nevertheless, because Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000).  *See Evans*, 220 F.3d at 312 (Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). Therefore, the court is mindful of the deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

When allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell*, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (finding petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus). Although Petitioner contends that counsel failed to impeach the victim on

cross-examination with the fact that she had pending charges of second degree burglary and grand larceny, he has failed to show how such testimony would have affected the outcome in his case. As the PCR court noted, trial counsel testified that there was no indication that any deal existed between the solicitor and the victim for her testimony, (App. 692), and trial counsel testified that, without indication of such a deal, he knew of no grounds with which to impeach the victim with the pending charges.

The undersigned's review of the record shows that trial counsel's performance was not deficient under *Strickland*. Having failed to meet his burden under *Strickland*, Petitioner's claim of ineffective assistance of counsel in Ground One should be dismissed.

### b. Ground Two

In Ground Two, Petitioner alleges ineffective assistance of counsel for failing to call as a witness an attorney who saw him and the victim together and would have testified that it did not appear she was being held against her will.

At the PCR hearing, Attorney Kenneth Holland testified that Petitioner showed up at his home. App. 683. According to Holland, he saw a woman and kids in the car, but he was not close to it. *Id.* When Petitioner told him that he had escaped, Holland told Petitioner to go back to the prison and stopped their conversation, and Petitioner left. *Id.* Holland did not remember Petitioner ever asking him any questions about his [Petitioner's] wife. *Id.*

The PCR court found that trial counsel articulated valid strategic reasons for not calling Holland as a witness, as he noted that Holland would have testified that Petitioner confessed he had escaped from prison if called to the stand. App. 539. Further, trial counsel testified that he had called other witnesses, including a preacher, who he believed supported the defense theory that the victim went along with Petitioner willingly. App. 551.

There is no basis in this record to overturn the findings of the state court, as Petitioner has not shown that his counsel was ineffective for failing to call Holland as a witness, or that he was prejudiced by Holland's failure to testify. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000). While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689; *Horne v. Peyton*, 356 F.2d 631, 633 (4th Cir. 1966); and *Burger v. Kemp*, 483 U.S. 776 (1987). Nor has Petitioner shown that the state court's rejection of this claim was unreasonable. *Evans*, 220 F.3d at 312 (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable application of federal law or determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 362 (2000). *Bell*, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence).

Petitioner's claim that his counsel was ineffective in Ground Two is without merit, and should be dismissed.

III.     Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #34] be granted and that Petitioner's motion for continuance and for preliminary injunction [Entry #39] be denied as moot.

IT IS SO RECOMMENDED.

August 4, 2010                                        Shiva V. Hodges
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**